SEPTEMBER 18, 1986

No. A–211 (86–5500). ROOK *v.* RICE, WARDEN. C. A. 4th Cir. Application for stay of execution of sentence of death, presented to THE CHIEF JUSTICE, and by him referred to the Court, denied. JUSTICE BLACKMUN and JUSTICE STEVENS would grant the application for stay.

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, dissenting.

I

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227 (1976), I would grant the stay application and the petition for certiorari and would vacate the sentence in this case.

II

But even if I did not hold this view, I would grant the stay of execution in this case and vote to hold the petition for certiorari pending this Court's disposition of *McCleskey* v. *Kemp,* cert. granted, *ante,* p. 1019, and *Hitchcock* v. *Wainwright,* cert. granted, 476 U. S. 1168 (1986). Rook contends that newly available social science evidence demonstrates unconstitutional, systemwide racial disparities in North Carolina's capital sentencing system. He maintains that the evidence is sufficient to warrant a hearing on his claim. These questions are similar to those presented in *McCleskey* and *Hitchcock,* cases that will be argued in October of the 1986 Term, and other petitions that are before the Court and upon which the Court has not yet acted.

Other petitioners have presented similar claims of systemwide racial disparities in capital sentencing and have requested stays of execution from this Court in light of our grants of certiorari in *McCleskey* and *Hitchcock.* This Court has granted stays of

execution in *Berry* v. *Phelps, ante,* p. 1030; *Wingo* v. *Blackburn, ante,* p. 1030; *Watson* v. *Blackburn, ante,* p. 1036; *Glass* v. *Blackburn, ante,* p. 1036; *Moore* v. *Blackburn, ante,* p. 1037; *Brogdon* v. *Blackburn, ante,* p. 1037; and most recently, *Rault* v. *Blackburn, ante,* p. 1039.

In this case, the District Court and the Fourth Circuit, 783 F. 2d 401 (1986), have refused to grant a stay of execution on the ground that Rook's petition for habeas corpus relief is successive and therefore barred pursuant to Habeas Corpus Rule 9(b). Rook concedes that his arguments regarding the unconstitutional application of the death penalty in North Carolina were presented in his previous federal petition; he maintains, however, that his petition should be heard pursuant to the "ends of justice" exception recognized by this Court in *Sanders* v. *United States,* 373 U. S. 1 (1963). He contends that a new study, Arbitrariness of the Capital Death Penalty (to be published in January 1987 by University Press), authored by Professors Nakell and Hardy of the University of North Carolina, does not suffer from the inadequacies which the District Court found in the evidence submitted in support of his first petition. Moreover, the study was not available at the time Rook filed his initial petition for habeas relief. He further argues that the new study provides substantial support for his theory that the administration of the death penalty in North Carolina suffers from a systemic unconstitutional flaw.

The Fourth Circuit held that Rook had not made the necessary showing that he did not receive a "full and fair" hearing on the question and found that the new evidence did not "bear upon the constitutionality of the applicant's detention." See *Townsend* v. *Sain,* 372 U. S. 293, 317 (1963). This Court evidently agrees that the petition is successive, and I therefore dissent.

Initially, I note that Rule 9(b) is phrased in permissive, and not mandatory terms:

> "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ."

In *Sanders* v. *United States, supra,* this Court set forth guidelines for cases involving potentially successive petitions:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Id.*, at 15.

The Court recently stated that, as a means of identifying those cases in which federal courts should exercise their discretion to hear a successive petition, we will "continue to rely on the reference in *Sanders* to the 'ends of justice.'" *Kuhlmann* v. *Wilson*, 477 U. S. 436, 451 (1986) (plurality opinion). See also *id.*, at 470–471 (BRENNAN, J., dissenting).

Petitioner has made the necessary showing that the "ends of justice" will be served by the hearing of his second petition. When petitioner initially raised his racial-disparity claim in petitions for both state and federal postconviction relief, the study upon which he now relies, which examines the imposition of the death penalty in North Carolina between 1977 and 1978, was not available. When Rook filed the instant petition, he raised only the racial-disparity claim and presented in support of that claim the Nakell and Hardy manuscript.

The Fourth Circuit felt that petitioner's new evidence was inadequate because (1) it does not address the time period in which Rook's punishment was assessed, and (2) it does not demonstrate that Rook's sentence was the result of intentional discrimination. As to the first point, the significance of the new study is a matter to be determined at an evidentiary hearing and not in haste on a stay application. The question presented in *Hitchcock* involves the evidentiary showing necessary to obtain a hearing on one's claim that the imposition of the death penalty in a certain State is tainted by a systemic flaw. We simply do not now know whether the Nakell and Hardy study would raise a serious question about the constitutionality of petitioner's sentence. The Court has, in effect, prejudged the value of petitioner's proffered evidence. As to the second point, the necessity of proof of intentional discrimination is the subject of the upcoming *McCleskey* case.

Under these circumstances, it cannot be said that petitioner has not presented sufficient evidence to invoke the "ends of justice"

exception to the successive petition rule. Petitioner has not deliberately withheld evidence; he has at no point abandoned his claim. He has persisted in asserting the unconstitutionality of his sentence and now seeks to present evidence supporting his claim, *which he could not have presented at any earlier moment*. His petition is nonetheless deemed successive and is summarily rejected. I suggest that today's action leaves habeas petitioners with a cold choice: omit the claim from the initial federal petition and be deemed to abuse the writ when the claim is raised in a second petition after the discovery of new evidence, or include the claim in the initial petition and be deemed to have filed a successive petition in the event new evidence arises to justify a second petition. Under well-established standards of this Court, the petition is not successive.*

## III

Finally, the Court finds itself once again in the morally compromised position taken in *Straight* v. *Wainwright*, 476 U. S. 1132, 1134 (1986). Four Justices have voted to stay Rook's execution and hold the case until a decision is reached in *McCleskey*. Thus, there are four votes to stay the execution, and four votes to hold the petition for certiorari, but not a fifth vote to stay the execution. Under normal circumstances, then, this case would be held pending the decision of this Court in *McCleskey*. "It is unthinkable to me that the practice that four votes to grant certiorari trigger an 'automatic' fifth vote to stay an execution should not apply to a 'hold' when a man's life is in the balance." 476 U. S., at 1135.

I dissent.

---

*Most recently, in *Kuhlmann* v. *Wilson*, 477 U. S. 436 (1986), this Court examined the boundaries of the "ends of justice" exception to the successive petition rule, and a plurality suggested that the "ends of justice" are served by successive review only where the petitioner supplements his constitutional claim with a colorable showing of factual innocence. Initially, I note that the plurality's analysis plainly has no bearing on the instant case, which involves the constitutionality of a sentence of death, rather than the constitutionality of a conviction. The presence of aggravating circumstances and the legitimacy of the sentencing procedures are the crucial questions when one assesses the validity of the death sentence, not the justification for the conviction. See *id.*, at 471–472, n. 7 (BRENNAN, J., dissenting).